37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Adika MENSAH, also known as Dennis Tolbert; Plaintiff-Appellant,
Fulton Boyd, Cy Flinoil-Bey, Tyrome-X Sweezer, Plaintiffs,
v.
Robert BROWN, Individually and severally, Director of the
Michigan Department of Corrections; Dan L. Bolden,
Individually and severally, Deputy Director of the Bureau of
Correctional Facilities; Raymond G. Toombs, Individually
and severally, Warden of the Ionia Correctional Maximum
Security Facility, Defendants-Appellees.
 No. 94-1320.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1994.
 
 Before: LIVELY, JONES and SILER, Circuit Judges.
 
 ORDER
 
 1
 Adika Mensah, also known as Dennis Tolbert, a Michigan state prisoner, requests the appointment of counsel and oral argument and appeals from the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Mensah and three other inmates filed this action against the director of the Michigan Department of Corrections, the deputy director, and the warden of the Ionia Correctional Maximum Security Facility, alleging that the defendants had instituted a policy of non-contact visitation for Level VI security prisoners in violation of their due process rights, and that the conditions under which visitation occurred violated the Eighth Amendment. The district court granted defendants summary judgment on all of the claims. Only Mensah appealed from the judgment. He reasserts the merits of his claims on appeal.
 
 
 3
 Upon review, we conclude that summary judgment was properly entered, as there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 4
 The district court correctly found that defendants were entitled to summary judgment on Mensah's due process claim, as his allegation that the visitation policy was not properly promulgated did not raise a federal question, see Walker v. Mintzes, 771 F.2d 920, 933-34 (6th Cir.1985), and the regulations on which Mensah relied did not place substantive limitations on defendants' discretion by the use of mandatory language. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989).
 
 
 5
 The district court also correctly found that Mensah did not establish an Eighth Amendment violation in the conditions under which visitation was allowed, as the alleged deprivations were not sufficiently serious, nor were the defendants shown to have a culpable state of mind in establishing the conditions. See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir.1993).
 
 
 6
 Accordingly, the requests for the appointment of counsel and oral argument are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.